THE WEST CHICAGO STREET RAILROAD COMPANY

*v.*

MARY KENNELLY.

*Opinion filed December 22, 1897.*

1. EVIDENCE—*action for negligence—what is admissible as tending to show plaintiff's previous physical condition.* While the physical condition of the plaintiff prior to her injury cannot be proved by her declarations made to her acquaintances, yet it is not error to permit a witness who had visited the plaintiff almost daily for several months prior to the injury, to state the fact that she had not heard the plaintiff complain of any sickness.

2. SAME—*proof of plaintiff's condition after injury—what not erroneous admission of testimony.* Where a witness, in an action for negligence, who had visited the plaintiff the day after the injury, is asked how she found the plaintiff at that time, the admission in evidence of her answer that "she was complaining awful bad" is not erroneous, as such a statement cannot be regarded as proof of a declaration by the plaintiff concerning her condition.

3. SAME—*statements of pain, not made to physician, inadmissible if not part of res gestæ.* Statements of pain and suffering, past or present, when not made to a physician or medical expert to enable him to form an opinion of the injury, with a view to treatment or other legitimate purpose, are inadmissible, unless part of the *res gestæ.*

4. SAME—*when evidence is incompetent, as being a mere declaration of plaintiff concerning her condition.* Where a witness who visited the plaintiff the day after her injury is asked where the plaintiff complained of pain, her answer that "she complained of her side and under her spine, in the back and this ankle; she screamed with the ankle awfully," is incompetent, as being a mere declaration by the plaintiff concerning her condition.

5. SAME—*proof of manner of injury—what competent as part of res gestæ.* In getting before the jury in a personal injury case how and in what manner the plaintiff was injured, it is competent to show, as part of the *res gestæ,* all that occurred, although in so doing it may appear that other persons than the plaintiff were injured.

6. APPEALS AND ERRORS—*when an erroneous admission of evidence will not reverse.* The erroneous admission in evidence, in an action for negligence, of the declarations of the plaintiff made to an acquaintance, after the injury, concerning her pain and suffering, will not work reversal where the same evidence had already been given by a physician, to whom the declarations were also made.

*West Chicago Street R. R. Co.* v. *Kennelly,* 66 Ill. App. 244, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDMUND W. BURKE, Judge, presiding.

EGBERT JAMIESON, JOHN A. ROSE, and D. W. MUNN, for appellant.

WING, CHADBOURNE & LEACH, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action brought by Mary Kennelly to recover damages for a personal injury alleged to have been sustained by reason of the negligence of the West Chicago Street Railroad Company. The declaration, which contained one count, alleged that on the 19th day of May, 1894, the plaintiff became a passenger upon one of the defendant's cars which ran through a certain tunnel under the Chicago river, commonly known as the Van Buren street tunnel; that the defendant negligently permitted the train upon which the plaintiff was a passenger to run rapidly down the incline in said tunnel, and then caused the train to be suddenly and violently stopped, in consequence of which the plaintiff was thrown with great force and violence against one of the seats of the car, thereby causing the injury complained of in this case. On the trial the jury returned a verdict in favor of the plaintiff and assessed her damages in the sum of $2000. The court entered judgment on the verdict, and the defendant appealed to the Appellate Court for the First District, where the judgment was affirmed, and it now brings the record to this court for review.

It was claimed on the trial that as a result of the accident plaintiff received an injury on one of her hips and her right ankle was badly sprained. On the other hand, it was claimed on the part of the defendant that the injuries arose, in a great measure, from other causes, and

in support of this view evidence was introduced tending to prove that in August, 1890, the plaintiff fell through a defective sidewalk and sprained her ankle, and that she brought suit against the city and received in settlement of the case $315. Evidence was also introduced tending to prove that in the summer before the accident complained of, plaintiff was assaulted on the street by a man who, she said, "had a grudge against me on account of a piece of property." In this assault she was knocked down and seriously injured. Whether the injuries complained of grew out of the accident on the street car, or arose from other causes, as claimed by the defendant, was a question of fact for the jury and the Appellate Court. But that question is not involved on this appeal, and hence it will not be considered.

No fault is found with the ruling of the court on instructions. Indeed, but one question has been presented for our consideration, and that is in reference to the ruling of the trial court on the admission of evidence.

The witness Joran, who was on the car when the accident occurred, speaking of the accident, said: "I went off my feet, of course. As the car ran down the speed increased, and it came all of a sudden to a dead stop, and, of course, knocked everybody down in the car." Defendant's counsel moved to strike out these remarks, but the motion was overruled and exception taken. The objection made to this testimony is, that it was incompetent to show how the accident affected passengers on the car other than the plaintiff. The question before the jury was how or in what manner the plaintiff was injured, but we think it was competent, as a part of the *res gestæ*, to show all that occurred, although in doing so it might appear that others were also injured. The injuries to others were a part and parcel of the same injury received by the plaintiff, and in describing the manner in which she was injured, the injuries received by the others being so closely connected, it would be almost impossible in an

intelligent manner to give an account of one injury without at the same time disclosing the others.

For the purpose, it may be presumed, of showing that plaintiff was in good health before the accident, the witness Davanne was asked, "Did you hear her complain of any sickness?" To the question the witness answered, "No, sir; I did not." While it may be conceded that the declarations of the plaintiff made to the witness were not competent evidence to prove plaintiff's physical condition, yet we are inclined to the opinion that it was not error to allow the witness to state the fact that she heard no complaint. The witness resided near the plaintiff and visited her almost daily for three or four months before the accident, and the fact that during that time she heard no complaint from the plaintiff in regard to her condition may be regarded at least as slight evidence tending to prove her condition. The weight, however, to be given to such evidence was for the jury.

The same witness was asked how she found the plaintiff on the morning after the accident, to which she replied, "She was complaining awful bad." It is said in the argument "that the plaintiff could not make testimony for herself by stating her feelings to a lay witness; that what she may have told the witness was entirely incompetent to be by her repeated as evidence." Conceding that statements made by the plaintiff to the witness in regard to her condition were incompetent, it does not follow that the answer to the question was erroneous. The witness was not asked to give any declarations made by the plaintiff as to her then condition, nor did the witness state what the plaintiff had said to her. It was, no doubt, proper to show whether the plaintiff was quite free from pain and resting easy, or, on the contrary, that she was restless and complaining, and proof of the fact that plaintiff was complaining cannot be regarded as proof of her declarations. It was a mere exclamation, which was proper to be proven.

The same witness was asked the following question: "Where would she complain of pain at the time, after she was hurt?" to which the witness, over the objection of the defendant, answered: "She complained of her side and under the spine, in the back and this ankle. She screamed with the ankle awfully." We do not think this evidence was competent. It was a mere declaration of the plaintiff not made to a physician or expert, and can only be regarded as hearsay. Statements of pain and suffering, past or present, when not made to a physician or medical expert for the purpose of enabling him to form an opinion with a view to treatment or other legitimate purpose, unless made at the time of the injury, so as to constitute a part of the *res gestæ,* are inadmissible. The rule, however, is different where statements have been made to a physician called upon to treat a person who may have received an injury. As was properly said in *Illinois Central Railway Co.* v. *Sutton,* 42 Ill. 438 (on p. 441): "A physician, when asked to give his opinion as to the cause of the patient's condition at a particular time, must necessarily, in forming his opinion, be to some extent guided by what the sick person may have told him in detailing his pains and sufferings. This is unavoidable, and not only the opinion of the expert, founded in part upon such data, is receivable in evidence, but he may state what his patient said in describing his bodily condition, if said under circumstances which free it from all suspicion of being spoken with reference to future litigation, and give it the character of *res gestæ.*" The same rule is declared in *Quaife* v. *Chicago and Northwestern Railroad Co.* 48 Wis. 524, *Barber* v. *Merriman,* 11 Allen, 322, and *West Chicago Street Railroad Co.* v. *Carr,* (*ante,* p. 478.)

But while this evidence was incompetent we do not regard its admission sufficient ground for reversing the judgment. Upon looking into the record it will be found that the same witness whose testimony is objected to was present when the plaintiff was examined by the phy-

sician on the day she was injured, and heard the same statement made by the plaintiff, and these statements were testified to by the witness in her evidence. The physician also testified to the same thing without objection. Therefore, being properly before the jury, if the court had excluded the evidence objected to, nothing would have been gained. The error was therefore one which did no harm, and hence is no ground for reversing the judgment.

No other question which calls for a consideration has been raised in the argument.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*