THE CICERO AND PROVISO STREET RAILWAY COMPANY

*v.*

MARY S. PRIEST.

*Opinion filed June 19, 1901.*

1. EVIDENCE—*witness may be asked how plaintiff appeared with reference to pain and suffering.* In an action for personal injury it is proper to permit a witness to be asked the question how the plaintiff appeared with reference to pain and suffering.

2. SAME—*witness may state natural manifestations of pain exhibited.* In an action for personal injury the person who nursed the plaintiff after the injury may testify whether the plaintiff appeared to be suffering pain, and may state such natural manifestations of pain as plaintiff exhibited in connection with the injury, whether by groans, expression of the features or in other ways.

*Cicero and Proviso Street Ry. Co.* v. *Priest,* 89 Ill. App. 304, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

JOHN A. ROSE, and LOUIS BOISOT, Jr., (W. W. GURLEY, of counsel,) for appellant.

JOHN F. WATERS, and C. H. JOHNSON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellee recovered a judgment in the superior court against appellant for damages on account of a personal injury. The case made by the plaintiff was, that

while she was a passenger on one of its street cars, and when the car had stopped at the crossing for her to alight, she started to leave the car, but before she could step from the running board along the side of the car to the ground, the car was started with a violent jerk by appellant's servants, and she was thereby thrown upon her face on the graveled street and was greatly injured. The Appellate Court affirmed the judgment.

On this appellant's further appeal the only assignments of error urged relate to the rulings of the court on the instructions and on the admission and rejection of testimony. The instructions were long, and those given on behalf of defendant were numerous, and they need not be set out here; but we have carefully examined them, and those offered by defendant and refused by the court, and considered the criticisms made, and have reached the conclusion that no substantial error was committed in the rulings complained of. They were properly disposed of in the Appellate Court.

For the purpose of eliciting proof regarding her injuries, counsel for plaintiff asked a witness this question: "During that time how did she appear with reference to pain and suffering?" The court permitted this question to be answered over the objection of counsel for the defendant, and the answer was: "She seemed to be suffering pain and unable to see out of her eye; very nervous." It is urged by appellant that the court erred in overruling the objection to this question, and *West Chicago Street Railroad Co.* v. *Carr*, 170 Ill. 478, is cited in support of the objection. That case does not sustain appellant. The question was plainly a proper one. The witness was not asked to state anything which the plaintiff may have said to her, but only what the appearance of the injured party was in the respect mentioned. We need not consider whether the answer was responsive to the question or was proper evidence, inasmuch as no objection to it or motion to strike it out was made.

190—38

Another witness who saw the plaintiff in bed the next day after she was injured, testified to her appearance, and stated: "I should judge from her appearance she was in pain; she groaned." This witness had been warned by the court not to state anything the plaintiff may have said, and she did not do so, but counsel for appellant insists that the testimony was incompetent on the ground that it consisted, in part, of declarations of the plaintiff in her own favor, made at a time when they could not be considered as a part of the *res gestœ.* As above stated, the witness was not asked to tell, and did not tell, what the plaintiff said. She had been plaintiff's nurse following the injuries caused by the accident, and had in her testimony described such injuries, and we see no reason why it was not competent for her to testify whether or not the plaintiff appeared at the time to be suffering pain, and to state such natural manifestations of pain as the plaintiff may have exhibited in connection with her injuries, whether by groans, or expression of the features, or in other ways. The general question of law as to the admissibility of the statements or declarations of the injured party made under such circumstances, relative to his injuries and the pain he is suffering from them, is not here involved and need not be considered.

Other objections, of minor importance, to the rulings of the court in admitting and excluding testimony have been urged, but, whether well taken or not, it is plain to be seen that appellant's defense could not, in any respect, have been weakened or injured by such rulings. Many objections and exceptions made and taken during the trial in matters of detail lose their force, if not their point, after the verdict is rendered.

The judgment will be affirmed.

*Judgment affirmed.*