### Village of North Peoria v. Electa Rogers.

1. PRACTICE—*A Count to Which a Demurrer is Sustained is out of the Case.*—For the purposes of the trial a count of a declaration to which a demurrer has been sustained is no longer a part of the declaration, and a reference in the instructions to such declaration, or to the several

counts of it, must be understood to mean the counts upon which issues of fact are joined.

2. SAME—*Right of the Jury to Take Pleadings to Their Room.*—A court has the right, if requested by the parties, to allow the jury to take the pleadings to their room with them when they retire to consider of their verdict, but this rule does not include pleadings which have been eliminated by a demurrer and the court should not permit such eliminated pleadings to go to the jury.

3. PHOTOGRAPHS—*When Used in Evidence Should be Incorporated into the Record.*—In cases where photographs are used in evidence on the trial of the case and such case is taken to a court of review, such photographs should be incorporated into the record.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed November 15, 1901.

HENRY MANSFIELD, City Attorney, and Jos. WILHELM, attorneys for appellant.

W. G. McROBERTS and ARTHUR KEITHLEY, attorneys for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

In this action for injuries received upon a sidewalk in the village of North Peoria, Electa Rogers, the plaintiff, recovered a verdict and judgment for $500, from which the village appeals. It is clear from the proof that plaintiff was injured upon the sidewalk in question; that $500 is not excessive compensation for her injuries; that the condition which existed at the time plaintiff was hurt had continued so long prior thereto as to amount to constructive notice thereof; and also that the board of trustees of the village had actual notice thereof before the injury.

There is no particular disagreement in the proof as to the condition of the sidewalk which caused the injury, but the village claims that condition was such as it had a right to maintain, and was not a lack of proper repair. This was a question for the jury and we do not feel justified in disturbing their conclusion, especially as two photographs of

Village of North Peoria v. Rogers.

the walk, in evidence and submitted to the jury, are not included in the record before us. The accident occurred at half past nine o'clock in the evening, and plaintiff had never passed over that place before. There was a street light some distance away, but this particular spot in the walk was in the shadow of a tree. The jury found plaintiff was exercising due care, and the proof would not warrant our disturbing that conclusion.

The fourth instruction given for plaintiff was defective in not submitting to the jury the question whether the walk was out of repair. It virtually assumed it was out of repair. But the defendant requested and obtained from the court several instructions, including the third, fourth and seventh, which contained the same assumption, and it can not be heard to complain of a position into which it assisted in leading the court. (Consolidated Coal Co. v. Haenni, 146 Ill. 614, 621; Peirce v. Walters, 164 Ill. 560; Egbers v. Egbers, 177 Ill. 82; I. C. R. R. Co. v. Anderson, 184 Ill. 294, 305; Ill. Steel Co. v. Novak, 184 Ill. 501.) Besides, plaintiff's second instruction did submit to the jury the question whether the walk was unsafe or dangerous, and several instructions given for defendant told the jury plaintiff must prove by the greater weight of the evidence the negligence charged in the declaration, and from the whole course of the trial we think the jury must have understood plaintiff could not recover unless it was shown by a preponderance of the evidence that the walk was out of repair.

The fifth instruction for plaintiff told the jury that if they believed from the evidence that defendant was guilty of the negligence complained of in one or more counts of the declaration, and that plaintiff was thereby injured as charged in the declaration, without her fault, then they should find for plaintiff. It is argued this permitted a recovery upon counts to which a demurrer had been sustained. This position is not well taken. A demurrer was sustained to the first count, and to an amended first count. Defendant then filed a second amended first count. Issues of fact

were joined upon it, and upon the second original count. For the purpose of a trial, a count to which a demurrer has been sustained is no longer a part of the declaration. A reference in the instructions to the declaration or to the several counts thereof must be understood to mean the counts upon which issues of fact were joined, and upon which the trial is had. This is especially so where, as here, an amended count has in effect been substituted for the original. There is nothing to show that the trial court permitted any proof under, or reference before the jury to, the counts to which demurrer had been sustained. The court had the right, if requested by the parties, to allow the jury to take the pleadings when they retired (City of East Dubuque v. Burhyte, 74 Ill. App. 99, 173 Ill. 553), but the rule does not include pleadings which have been eliminated by demurrer. The court should detach them and not permit them to go to the jury. This record does not show that any part of the declaration went to the jury in this case. (North Chicago St. R. R. Co. v. Hutchinson, 92 Ill. App. 567.) Defendant, if it had desired, could have had an instruction to the jury that the first and amended first count were not before them. The case cited, Grand Tower M. & T. Co. v. Ullman, 89 Ill. 244, where the court gave instructions which permitted a recovery upon bad counts on which issues of fact had been joined, is not in point. (U. S. Rolling Stock Co. v. Chadwick, 35 Ill. App. 474.)

The judgment is affirmed.