Village of Gardner v. Martha Paulson.

Gen. No. 4,343.

1. INJURY—*what evidence not incompetent to show the nature and extent of an.* Plaster casts worn by the plaintiff after the injury sued for, are not incompetent in connection with proof of the extent and nature of such injury, if they aid the jury to understand the nature or extent of plaintiff's injuries.

2. SIDEWALK—*when defective condition of, sufficiently proven.* An allegation that the defect in the sidewalk from which the injury resulted was known to the municipality is sufficiently established by evidence that the same had existed for such a length of time before the injury complained of that the proper authorities of the municipality could have discovered it by the use of reasonable diligence.

3. CONTRIBUTORY NEGLIGENCE—*what does not establish.* The fact that the plaintiff walked upon a sidewalk known by her to be in a defective condition does not as a matter of law establish contributory negligence.

4. Pain—*what proof competent as tending to establish*. It is competent for plaintiff to prove by a non-medical witness that, after the injury for which suit is brought, she uttered exclamations of pain.

Action on the case for personal injuries. Appeal from the Circuit Court of Grundy County; the Hon. Samuel C. Stough, Judge, presiding. Heard in this court at the April term, 1904. Affirmed. Opinion filed November 12, 1904.

S. Russell Bowen, for appellant.

C. F. Hanson, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

On November 3, 1902, Martha Paulson fell while she and her husband were walking upon a sidewalk on East street in the village of Gardner. She brought this suit against the village to recover damages for injuries she alleged she sustained by the fall, which her declaration attributed to the defective condition of the sidewalk. She recovered a verdict and a judgment for $400, and the village appeals.

The proof warranted the jury in finding that the stringers of the sidewalk were rotten and that the planks or boards were loose at the place where plaintiff fell, and that they had been in that condition for so long a time that the village, by the exercise of due care, could have discovered and repaired the same. There was also evidence of actual notice thereof to the street commissioner and also to the village trustees when in session, and other testimony denying such actual notice. It is contended that the proof did not show that the defects in the sidewalk caused the plaintiff to fall. Plaintiff and her husband were the only witnesses on the subject. Plaintiff did not speak English, but testified through an interpreter. Her husband spoke broken English. Their testimony shows that the husband stepped on one end of a loose board, and it tipped up and struck plaintiff and at that instant she fell. The cause of plaintiff's fall is not distinctly described, but after carefully reading from the record all that plaintiff and her husband stated on that subject we conclude that the jury were warranted in understanding therefrom that plaintiff was thrown by rea-

son of the loose board tipping up when her husband stepped upon it.

Defendant contends that the suffering to which plaintiff was thereafter subject was not the result of this fall. Plaintiff had been for several years afflicted with varicose veins, eczema and rheumatism. After this fall one of her lower limbs was badly swollen for a long time and she suffered severe pain therefrom. The proof tended to show she had not limped before and that she did limp after her fall. No doubt her physical ailments were aggravated by her fall. The proof was so conflicting upon the question whether the injurious effect of her fall upon her physical condition was great or slight, that we would not be warranted in disturbing the conclusion of the jury either way on that subject, nor can we say that an allowance of $400 as damages is so excessive as to indicate that the jury was moved by passion or prejudice.

It is urged that the court erred in admitting a certain deposition offered by plaintiff. The abstract does not show what objections defendant made to the deposition, either in its motion to suppress or when offered at the trial, and does not show that the court erred in admitting it. The errors relied upon must be made to appear by the abstract; and if the abstract does not show the ruling was erroneous we must presume it was correct.

A witness, not a physician, was permitted to testify, over defendant's objection, that upon a visit to plaintiff after her fall, plaintiff uttered exclamations of pain. West Chicago St. R. R. Co. v. Carr, 170 Ill. 478, is relied upon as deciding that such proof is incompetent. It is there held that statements by an injured plaintiff that he suffers pain are not competent proof in his behalf, unless they are a part of the *res gestæ*, or are made to a physician during treatment, or upon an examination prior to and without reference to the bringing of an action to recover damages for the injury complained of, or unless the examination was made at the instance of the defendant and with a view to the trial. The question before the court

in that case related only to the admissibility of a state-
ment by plaintiff that she suffered pain. A like doctrine
was laid down in West Chicago St. R. R. Co. v. Kennelly,
170 Ill. 508; Lake Street Elevated R. R. Co. v. Shaw, 203
Ill. 39, and C. & E. I. R. R. Co. v. Donworth, 203 Ill. 192.
None of these cases necessarily involved the admissibility
of proof that plaintiff showed signs of pain. In Cicero &
Proviso St. Ry. Co. v. Priest, 190 Ill. 592, a witness, not a
physician, testified for and concerning plaintiff: "I should
judge from her appearance she was in pain; she groaned."
It was held competent for this witness to testify for plaint-
iff "whether or not plaintiff appeared at the time to be
suffering pain, and to state such natural manifestations of
pain as the plaintiff may have exhibited in connection with
her injuries, whether by groans or expression of the feat-
ures or in other ways;" and that the question of the ad-
missibility of statements or declarations by the injured
party under such circumstances, relative to his injuries and
the pain he is suffering from them, was not involved in that
case. It would seem, therefore, that while statements and
declarations by such a plaintiff, with the exceptions above
stated, are not competent evidence in his behalf because
they are self-serving, yet the rule does not apply to nat-
ural manifestations of pain, such as the expression of the
features, groans, screams and like indications of pain and
suffering, notwithstanding it must be conceded that these
can be feigned for self-serving purposes. This is in accord
with the common practice, which is to permit the question
whether or not the plaintiff appeared to suffer pain. We
conclude the Priest case, *supra*, sustains the ruling of the
trial court in this case.

Plaintiff was permitted, over defendant's objection, to
prove certain repairs made by the village upon the sidewalk
in question, but these changes were before plaintiff was in-
jured, and this proof therefore tended to show the village
authorities having charge of the sidewalk knew before
plaintiff was injured that it needed repair. Plaintiff pro-
duced in court certain pieces of stringers, planks or boards,

plaster casts and shoes; and endeavored to identify the stringers and boards as taken from the place in the walk where she fell, and as being in the same condition as when she fell, and did prove that, by direction of her physician, plaintiff wore these plaster casts upon her injured limb for a number of weeks shortly after her fall, and that still later she wore the shoes.    Part of these exhibits were admitted in evidence.    The shoes were afterwards withdrawn, and none of the exhibits were taken to the jury room.    We conclude the stringers and boards were sufficiently identified and that the introduction of the plaster casts, if immaterial, did not harm defendant, while if they served to aid the jury in understanding the nature or extent of plaintiff's injuries they were competent.    We have considered other objections made by defendant to testimony introduced by plaintiff, and are of opinion the abstract does not show reversible error in the rulings upon that subject.

The declaration contained but one count, and it is charged that the village had knowledge of the defective condition of the walk in time to have put it in proper condition before plaintiff was hurt.    At plaintiff's request the court gave an instruction to the jury, which, as to the question of notice, permitted a recovery if the village authorities either knew of the defect, or by the exercise of reasonable care might have known of it, in time to have remedied the defect before the accident to plaintiff.    It is argued that while this instruction would have been proper if the declaration had averred constructive notice, yet it was not proper under the declaration in this case, which only averred actual knowledge of the defect.    This contention is not well founded. We hold that an allegation that a defect in the street was known to the municipality is sufficiently proved by evidence that the defect had existed for such a length of time before the injury therefrom complained of that the proper authorities of the municipality could have discovered it by the use of reasonable diligence.    City of La Salle v. Porterfield, 138 Ill. 114; City of Chicago v. Gillett, 91 Ill. App. 287. Moreover, defendant induced the court to give a like in-

struction in its behalf, and therefore could not complain of the instruction in question, even if it were erroneous.  Village of North Peoria v. Rogers, 98 Ill. App. 355, and cases there cited.

The court refused a request by defendant to instruct the jury that if plaintiff knew the condition of the sidewalk where she fell at the time she attempted to pass over it, or might have known it by the exercise of ordinary diligence, then she could not recover.  The sidewalk in question was in the residence district, and was the only sidewalk on that street at that point, and it was the regular route by which residents in that vicinity traveled on foot to and from the business part of the village.  Plaintiff and her husband were "going to town" at the time she fell.  In City of Aurora v. Dale, 90 Ill. 46, plaintiff knew of the hole in the sidewalk in which she fell, but it was held she was exercising due care for her personal safety under the circumstances of that case, and a judgment in her favor was sustained. In Village of Clayton v. Brooks, 150 Ill. 97, plaintiff knew of the hole in the sidewalk into which she stepped.  Upon an extended examination of the authorities it was there held that such prior knowledge of the defect by plaintiff did not *per se* establish negligence upon her part, but that it was a question for the jury whether she was guilty of contributory negligence, and proper to be submitted to the jury with all the other evidence bearing upon that question. Defendant's instruction now under discussion meant that plaintiff's actual or constructive knowledge of the defect was conclusive proof of such contributory negligence on her part as to defeat a recovery.  This is not the law, and it was therefore properly refused.  Defendant complains of the refusal of two other instructions offered by it, but we find that they were in substance sufficiently embodied in the instructions which were given.  The court is not required to repeat to the jury a rule of law once sufficiently stated.

The judgment is affirmed.

*Affirmed.*