## Village of Westville v. Catherine Horn.

1. VERDICT—*when, excessive.* A verdict for $500 is excessive where it appears that the plaintiff was a housekeeper of about forty-nine years of age, and where the evidence tends to show that the only injury sustained by her consisted of a slight green stick fracture of the right arm above the elbow, only discernible with an X-ray, and slight bruises and consequent discoloration on her forehead, nose and knee, and where the evidence further tends to show that she was confined to her bed but for one day and that all objective symptoms of injury disappeared within three weeks of the injury, since which time the services of a physician were not required except for an occasional examination, and where the evidence further shows that no permanent injury remains.

2. MEASURE OF DAMAGES—*when instruction upon, improper.* An instruction upon this subject as follows :

"The court instructs the jury that if from the evidence you find the defendant guilty, then in arriving at your verdict, you have a right to award the plaintiff such an amount as will compensate her for the loss of time endeavoring to be cured of her injury, if any such is shown by the evidence; also for the pain and suffering endured by her, if any such has been shown by the evidence"—

held improper.

Action on the case for personal injuries. Appeal from the Circuit Court of Vermilion County; the Hon. JAMES W. CRAIG, SR., Judge, presiding. Heard in this court at the May term, 1904. Affirmed upon remittitur. Opinion filed November 18, 1904.

JOSEPH B. MANN and AUGUST A. PARTLOW, for appellant.

BUCKINGHAM & DYSERT, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellee recovered a judgment against appellant for $500 in an action on the case, for personal injuries sustained by her on July 12, 1903, in falling upon a defective sidewalk.

None of the errors assigned merit serious consideration or discussion, save two, viz.: first, the giving of the seventh instruction offered by appellee, and second, that the damages awarded appellee are excessive.

Appellee is a housewife forty-nine years of age. The injuries sustained by her consisted of a slight green stick fracture of the right arm above the elbow, which was only discernible with an X-ray, and slight bruises and consequent discoloration on her forehead, nose and knees. She was confined to her bed but one day; all objective symptoms of her injuries disappeared in three weeks, since which time she has not required the services of a physician except for an occasional examination, and no permanent injury remains. She suffered severe pain in her arm from time to time for several weeks, but within a few days was able to go about her house and yard and within two weeks walked to the office of her attending physician, a distance of two or three blocks, and went by rail to Peoria, a distance of over 100 miles. At the time of the trial in December, 1903, and for three months prior thereto she was able to perform all her ordinary household duties except washing, sweeping and bedmaking.

The seventh instruction given to the jury at the request of appellee is as follows: ."The court instructs the jury that if from the evidence you find the defendant guilty, then in arriving at your verdict, you have a right to award the plaintiff such an amount as will compensate her for the loss of time endeavoring to be cured of her injury, if any such is shown by the evidence; also for the pain and suffering endured by her, if any such has been shown by the evidence." In West Chicago St. R. R. Co. v. Carr, 170 Ill. 478, a somewhat similar instruction was under consideration by the court, and while the giving of the instruction

in that case was held not to have been prejudicial error, the instruction was not approved. In the case at bar no other instruction was given upon the measure of appellee's damages, and the record is barren of any evidence to sustain the one given.

We are constrained to the conclusion from the evidence in this record that the damages awarded appellee are clearly excessive, and that the giving of the instruction quoted may have contributed to that result.

If appellee shall within fifteen days remit from the judgment all in excess of $300, it will be affirmed for that sum, otherwise it will be reversed and the cause remanded.

*Affirmed upon remittitur.*

Remittitur filed November 28, 1904.