## City of Aurora v. Mary D. Plummer.

### Gen. No. 4,542.

1. DECLARATIONS—*when, as to cause of injury, made to physician, incompetent.* It is error to permit the attending physician of the plaintiff to testify as to the statements of the plaintiff, made at a date remote from the accident, as to the cause of the injury received by her.

2. PRIOR INJURY—*when evidence of, incompetent.* It is improper to permit the plaintiff upon cross-examination over the objection of the defendant's counsel to narrate the details of how she received another injury through the fault, as she claimed, of the same defendant. ·

3. REPAIRS—*evidence of, made after injury, incompetent.* Evidence of the repair after the accident of the instrumentality alleged to have caused the injury, is incompetent.

4. MOTION TO STRIKE—*when should be allowed.* A motion to strike out the answer of a witness should be allowed where such answer is not responsive to the question.

5. PAIN—*what evidence competent as tending to prove.* Evidence of moans, apparently the result of suffering, are competent as tending to show pain.

6. PRIOR ACCIDENT—*what essential to competency of.* To render evidence of a similar accident, resulting from the same cause, competent, it must appear, or the evidence must reasonably tend to show, that the instrument or agency which caused the injury was in substantially the same condition at the time such other accident occurred, as at the time the accident complained of was caused.

7. VARIANCE—*when objection of, should be raised.* An objection of variance should be interposed in the trial court.

Action on the case for personal injuries. Appeal from the Circuit Court of Kane County ; the Hon. LINUS C. RUTH. Judge, presiding. Heard in this court at the April term, 1905. Reversed and remanded. Opinion filed August 1, 1905.

E. M. MANGAN and W. J. TYERS, for appellant; SAMUEL ALSCHULER, of counsel.

N. J. ALDRICH and THEODORE WORCESTER, for appellee; F. W. JOSLYN, of counsel.

MR. JUSTICE FARMER delivered the opinion of the court.

This was an action brought by appellee to recover damages for an injury alleged to have been sustained by her while passing over a defective sidewalk along the west side

of River street in the city of Aurora. She recovered a verdict and judgment for $10,000 and the city appeals. The walk was composed of flat stones about three inches thick, three feet wide and six feet long, lying either on the surface of the ground or a bed of cinders and gravel. A portion of the lot immediately west of the place where the accident is said to have occurred was vacant, and a firm of lumber dealers had rented and were using it for storing timbers on. In going into and out of the lot they drove over this stone walk with wagons and teams. The wheels of the wagons ground, crushed and wore the stone until portions of it had disappeared, leaving an opening or gap between the stones outside of the wagon tracks and the portion between the tracks. Appellee claims she received an injury to her ankle while passing over this place, and that although it was quite painful, she supposed it was merely sprained and after resting a little while, walked on to the place she was going. For awhile she treated the injured ankle herself with arnica and similar remedies, but says it continued to cause her trouble and pain and finally she called in Dr. Ricker. He treated her nearly a month, but conditions did not improve, in fact appeared to be growing worse, and she called in Dr. Smith, a surgeon. He treated appellee after that, and in September following the injury, performed an operation on the ankle and removed a portion of the bones of the ankle and foot. Dr. Smith continued to treat her thereafter, but conditions became such that in June, 1903, he amputated the foot above the ankle. The evidence tended to support the allegations of the declaration as to the defective condition of the sidewalk, but having reached the conclusion that this judgment must be reversed and the cause remanded, we shall not discuss the merits of the case upon the evidence.

Dr. Smith testified he was first called to treat appellee on the 27th day of May, and found her suffering from an injury to the left ankle, which was swollen, tender and painful and she seemed unable to bear her weight on it. He was then asked by counsel for appellee, " What did you

learn was the cause of the injury to the ankle?" Counsel for appellant objected, but the objection was overruled and the witness answered, "She told me she had received an injury to the ankle." Whereupon, counsel for appellee asked, "Did she say whether it was from a fall on the sidewalk or not?" This question was objected to by counsel for appellant as being leading, suggestive, immaterial and incompetent, but the objection was overruled and the witness answered, "She told me she had received the injury by a fall on the sidewalk." Counsel for appellant thereupon moved that the answer be stricken out, but this motion was also overruled and the answer permitted to stand. We are of opinion these rulings of the court were erroneous, and that the testimony as to how appellee received the injury was not competent. We are not unmindful of the fact that the witness was appellee's physician and that the rule with reference to statements of an injured party to the attending physician is not as strict as it is where the witness is not the physician; but when Dr. Smith had stated the condition he found the ankle in and that appellee said it resulted from an injury she had received, he had gone to the limit in relating his conversation with her as to how it was caused. It was seriously contended by appellant that the sidewalk was not defective, and as no one was present or saw appellee receive the injury, it was incompetent to admit proof of statements made by her to Dr. Smith or any one else at so remote a date from the accident as to how the injury occurred. That this testimony was incompetent, we think is sustained by Globe Accident Ins. Co. v. Gerisch, 163 Ill. 625; West Chicago St. Ry. Co. v. Carr, 170 Ill. 478; I. C. R. R. Co. v. Sutton, 42 Ill. 438.

Appellee having stated in her testimony that she was in good health at the time she received the injury, on cross-examination was questioned as to what her health had been prior to that time, and among other things she was asked if she had had any recent illness. Appellee answered she had an abdominal tumor removed in 1900, that this was brought on by the city's neglect to provide proper sewer-

age, and that she ought to have had a law suit then. She said she would give the full particulars if desired, to which counsel for appellant replied, " I want to know the whole thing." When the witness started to answer apparently with some detail, counsel said, " I want the whole thing about the injury. I don't want a lot of petty details," to which the witness replied he had brought the matter out and she must tell it all or not answer. Counsel then stated, " Well, I shall object to that." The court replied he thought they would get along faster if they let the witness proceed, but cautioned her they were not trying another law suit, and overruled the objections. The witness then went on with much particularity to give the history of what she claimed was the city's failure to provide sewers sufficient to carry off water, and how the residents of her neighborhood united and put in a sewer to carry the water past her place. She claimed on account of a break in the sewer, water was carried into her cellar and told how she had to paddle around in a tub in the cellar to get things out of it, and how in holding on to a cellar post with one hand and reaching over the water with the other to get the coal, she strained the muscles of her abdomen which caused the tumor that was removed in 1900, and stated the city was to blame for it, and she would have sued then if she hadn't got well. The only ground upon which appellee's counsel attempted to justify this testimony is, that it was brought out by the cross-examination. We do not so understand it. Whatever may have been the meaning of appellant's counsel when he said to the witness he wanted to know the whole thing, he afterwards attempted to call a halt, and when the witness said she must answer and tell the whole thing or nothing, counsel emphatically objected to her doing so, and the objection was overruled. The question of the injury which she claimed caused the abdominal tumor was not involved in this suit, and there is nothing in this record to justify permitting the witness to testify on that subject.

Joseph Harvey, a witness for appellee, on cross-examination testified he had known the walk where appellee was

injured two or three years, and that from the use made of it, it got continually worse. He was asked by counsel for appellant if it continued to get worse until the 22nd of March, 1902, the day of the injury, and answered, " Yes. They have only commenced to put cinders in there."

" Q. Just answer my question. A. It is filled up all right now. They have put in cinders to fill it up, but it was not so then."

Counsel for appellant objected to the answer and moved that it be stricken out, but the objection was overruled. Evidence of the subsequent repair of the walk was incompetent. If the witness' answer had been responsive to the question, appellant would have no just grounds for complaint, but it will be seen from the question asked that it was clearly not responsive. The question only called for the witness to answer whether the condition of the walk got worse up to the date of the injury, and there was nothing in it calling for any statement of its condition after that date. Appellant's motion to strike, therefore, should have been allowed. City of Bloomington v. Legg, 151 Ill. 9; Howe v. Medaris, 183 Ill. 288, and cases there cited. Mr. Ater, a witness for appellee, testified he lived in the house with her, and that after her injury she could be heard all over the house moaning with pain. This was objected to and the objection overruled. In West Chicago St. R. R. Co. v. Kennelly, 170 Ill. 508, a witness was asked how she found plaintiff the morning after the accident, and replied, " She was complaining awfully bad." The court held this answer was not erroneous and said, " The witness was not asked to give any declarations made by the plaintiff as to her then condition, nor did the witness state what the plaintiff had said to her. It was, no doubt, proper to show whether the plaintiff was quite free from pain and resting easy, or, on the contrary, that she was restless and complaining, and proof of the fact that plaintiff was complaining cannot be regarded as proof of her declarations. It was a mere exclamation, which was proper to be proven." In West Chicago St. Ry. Co. v. Carr, *supra*, it was said:

" A groan, a sign, a scream, or other involuntary audible exhibitions of pain, conveys to the mind the same impression as contortion of the features, writhing, struggling or other physical manifestations of agony," and it was held that any competent witness of these things might testify to them. The witness did not testify that appellee said she was suffering pain, nor to any statement or declaration made by her, and we are of opinion this testimony was not incompetent. Mrs. Smith, a witness for appellee, was permitted over objections to testify she had fallen and sprained her ankle in passing over this same defective sidewalk. She said she could not tell how she came to fall but that as she was passing along there her ankle turned and was spraine d. Appellee testified the depression where the stone had been crushed and worn out by the wheels on the north side of the wagon track was so wide she could not step across it to the stone between the two tracks, and that she stepped one foot in the depression or low place and when she placed the other foot on the stone between the tracks, a portion of that stone, which was in a cracked or crumbly condition, gave way under her heel twisting her ankle and pitching her forward. Although Mrs. Smith's injury may have been received at the same place, yet, unless it was from the same cause, we do not understand it was competent to prove she had been injured there. Appellee tells just what the defective conditions were that caused her injury, while Mrs. Smith says she does not know what caused hers. All she testified to is that she received it while passing over the walk at the same place appellee was injured. In City of Bloomington v. Legg, *supra*, it was said, "The rule is clear, that to render evidence of similar accidents resulting from the same cause, competent, it must appear, or the evidence must reasonably tend to show, that the instrument or agency which caused the injury was in substantially the same condition at the time such other accidents occurred, as at the time the accident complained of was caused."

While appellee's first instruction is defective in defining

the duty of appellant to be to keep its sidewalks in reasonably safe condition, whereas, the duty imposed upon it by law is only to exercise reasonable care to keep its sidewalks in a reasonably safe condition, at least two instructions given for appellant at its request, contained the same proposition, and it cannot, therefore, complain of the error in appellee's instruction. We are of opinion that no error was committed by the court in refusing appellant's first refused instruction, as it was incomplete and if given in the form in which it was asked, would have been subject to the objection that it was liable to be misunderstood by the jury and misleading to them.

It is claimed there was a variance between the allegations of the declaration and the proofs as to the place where the injury occurred and how it occurred. There are some discrepancies between the allegations and the proofs, but if they were of a character to have amounted to a variance, the objections on that ground should have been made at the trial when the evidence was offered and the supposed variance pointed out. City of East Dubuque v. Burhyte, 173 Ill. 553. This question can be easily avoided on the next trial, and we deem it unnecessary further to discuss it.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*