## Sophia McCambridge, Appellee, v. City of Chicago Appellant.

### Gen. No. 17,966.

1. EVIDENCE—*exclamations of pain and expression of pain on features.* In an action for personal injuries, it is not prejudicial error to admit testimony as to an expression of pain seen on plaintiff's face and as to her moaning and exclamations of pain.

2. INSTRUCTIONS—*repetition.* An instruction may properly be refused when the propositions therein seem to have been fully covered in instructions given.

3. DAMAGES—*not excessive.* A verdict for $1,000 is not excessive where plaintiff's left wrist was fractured and caused her pain down to the time of trial.

Appeal from the Superior Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed April 3, 1913.

WILLIAM H. SEXTON and N. L. PIOTROWSKI, for appellant; DAVID R. LEVY, of counsel.

JULE F. BROWER and SAMUEL B. KING, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This is an appeal from a judgment of the Superior Court of Cook county for $1000 against the City of Chicago, rendered upon a verdict of a jury in an action for damages for personal injuries sustained by the plaintiff while walking on a defective sidewalk in said city on the evening of September 22, 1903.

The material facts, as disclosed by the evidence, are substantially as follows: On the evening in question, plaintiff, a woman of about 34 years of age, visited the home of a family named Taylor, on the west side of Artesian avenue, about midway between 35th and 36th streets, where she remained until about half past ten o'clock, when she left to go to her own abode.

Intending to board a car on 35th street and knowing that the west side of Artesian avenue was torn up, she walked south to 36th street, crossed over to the east side of Artesian avenue, turned north, and was walking towards 35th street, when she stepped upon a board in the sidewalk, which "flew up and tripped" her, and "one foot went down about a foot and a half under the sidewalk," and she "fell lengthwise," sustaining a fracture of the wrist of her left arm, which caused her pain from that time down to the time of the trial, especially during bad weather. Plaintiff testified that as she got on the sidewalk in question she noticed it was "kind of shaky," "was beginning to get rickety and * * * to wabble, under my knees," and "was going to be dangerous," and as she was not used to the sidewalk she "was kind of careful;" that she "could not walk in the street," because it was muddy and dark; that she "laid there" where she had fallen "maybe five minutes," when Mr. Taylor and a man named Love answered her calls, helped her up and assisted her back to the Taylor home, where Mrs. Taylor bathed her arm in warm water and rubbed her hand; that her hand was swollen and her arm "black up to the elbow;" that she returned to her abode that night and when she arrived there she fainted, then sent for a physician who left medicine to rub on her hand; that her hand was then so swollen that the physician could not set it, but that he subsequently did so and put on a plaster cast which remained about five weeks; that she did not work for two or three months and earned no wages; that prior to the accident she earned $6 per week as a house servant; that her wages since have been considerably less; that the muscles of the arm do not work and when she handles "anything that is any size" she drops it; that she has broken many dishes since her accident and on this account her wages have, on many occasions, been materially diminished. It was not disputed that the sidewalk at the point in question was rotten, with loose and missing boards,

and that this condition had existed for such a period of time as amounted to constructive notice thereof to the city.

It is urged by counsel for the city that plaintiff has failed to establish that she was in the exercise of ordinary care for her own safety at the time of the accident, inasmuch as she continued to walk on the sidewalk after she was aware of its dangerous condition, when she could have easily left the sidewalk and walked without danger on the east side of the street, which was not torn up. Whether she was in the exercise of ordinary care for her own safety was a question for the jury, under all the facts and circumstances in evidence. City of Mattoon v. Faller, 217 Ill. 273, 281; City of Sandwich v. Dolan, 141 Ill. 430; Village of Clayton v. Brooks, 150 Ill. 97; Wallace v. City of Farmington, 231 Ill. 232. We see no reason to disturb its conclusion on this point.

It is further urged that the trial court erred in allowing plaintiff's witness, Mrs. Tripp, to testify that on one occasion plaintiff had "an awful look of pain on her face," and that on another occasion the witness heard plaintiff moaning and saying "O! Mrs. Tripp! O! Mrs. Tripp!" We do not think that, under the decisions, the admission of the testimony constituted prejudicial error. While it has been held that self-serving narrative statements by an injured plaintiff "that he suffers pain are not competent proof in his behalf, unless they are a part of the *res gestœ,* or are made to a physician during treatment, or upon an examination prior to and without reference to the bringing of an action to recover damages for the injury complained of, or unless the examination was made at the instance of the defendant and with a view to the trial;" (Village of Gardner v. Paulson, 117 Ill. App. 17, 19; West Chicago St. R. Co. v. Carr, 170 Ill. 478; West Chicago St. R. Co. v. Kennelly, 170 Ill. 508; Lake Street El. R. Co. v. Shaw, 203 Ill. 39; Chicago & E. I.

R. Co. v. Donworth, 203 Ill. 192) "yet the rule does not apply to natural manifestations of pain, such as the expression of the features, groans, screams and like indications of pain and suffering, notwithstanding it must be conceded that these can be feigned for self-serving purposes." Village of Gardner v. Paulson, *supra;* Cicero & P. St. Ry. Co. v. Priest, 190 Ill. 592; Lauth v. Chicago Union Traction Co., 244 Ill. 244, 250.

Counsel further urge that the court erred in refusing to give instruction No. 16, offered by defendant. The propositions contained in this instruction seem to have been fully covered in instructions Nos. 8, 9 and 11, offered by defendant and given by the court. "A correct instruction may be refused, where its substance is embodied in other instructions given." West Chicago St. Ry. Co. v. Lieserowitz, 197 Ill. 607, 617; Chicago Union Traction Co. v. Sawusch, 218 Ill. 130.

We do not think that the verdict is manifestly against the evidence, nor are we disposed to disturb it on the ground that it is excessive, and the judgment will be affirmed.

*Affirmed.*