THE CITY OF EAST DUBUQUE

*v.*

RUHAMAH E. BURHYTE.

*Opinion filed June 18, 1898.*

1. VARIANCE—*objection of variance must be made below.* An objection of variance between plaintiff's allegations and proof should be made at trial and the supposed variance pointed out, or it cannot be considered on appeal.

2. PLEADING—*defects in form of declaration are cured by verdict.* In the absence of demurrer a defect in a declaration in failing to aver notice to the city of the defective and dangerous condition of the sidewalk where plaintiff received his injury is cured by verdict.

3. TRIAL—*jury may take pleadings to jury room on retiring.* It is not error to permit the jury to take the declaration to the jury room upon retiring to consider their verdict.

4. EVIDENCE—*cross-examination should be confined to subject matter of examination in chief.* Where plaintiff's examination in chief in an action against a city is confined to the time and manner of constructing a certain sidewalk, objections are properly sustained to a cross-examination as to the number of times the witness had inspected the walk after its construction.

5. SAME—*court may refuse to admit evidence to contradict witness on an immaterial point.* Where a witness, in testifying as to the inferior quality of the lumber used in constructing a sidewalk, states that there was no lumber yard in the city when the walk was built, evidence to contradict such statement may be denied admission.

6. SAME—*proof of date of injury not confined to date averred in declaration.* In an action against a city for injury from an alleged defective walk, an instruction that the date of the injury "as set forth in the declaration is not material," is not erroneous, as the controlling fact is the date disclosed by the proof, and not that averred in the declaration.

7. MUNICIPAL CORPORATIONS—*pedestrian may presume that sidewalk is reasonably safe.* In an action against a city for injury from an alleged defective walk, an instruction that if plaintiff was traveling on the walk and exercising ordinary care for her safety she might presume that the walk was reasonably safe, is not erroneous, in the absence of evidence that plaintiff knew or had reason to believe the walk was unsafe.

8. APPEALS AND ERRORS—*harmless errors will not work a reversal.* Harmless errors in instructions and in rulings on evidence are not ground for reversal.

*City of East Dubuque v. Burhyte*, 74 Ill. App. 99, affirmed.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of JoDaviess county; the Hon. John C. Garver, Judge, presiding.

D. & T. J. and J. M. Sheean, for appellant:

At common law nothing could be taken out by the jury when they retired to consider their verdict save that which was of record or under seal, except by consent. 2 Thompson on Trials, sec. 2574, and cases cited; *Bank* v. *Whinfield*, 24 Wend. 419.

The only change made in the common law rule by our statute is, that "papers read in evidence, other than depositions, may be carried from the bar by the jury." Rev. Stat. chap. 110, sec. 55.

Pleadings cannot be considered by the jury as evidence in favor of the pleader, to prove facts required to establish his case. 8 Ency. of Pl. & Pr. 33, 34; 2 Thompson on Trials, sec. 2582.

All inferences arising from the existence of facts proved should be drawn by the jury, and not by the court. *Chicago* v. *McCullough*, 10 Ill. App. 464; *Sumner* v. *Scaggs*, 52 id. 553; *Harris* v. *Cornell*, 80 Ill. 54; *Martin* v. *Johnson*, 89 id. 539; *Logg* v. *People*, 92 id. 598; *Thorp* v. *Goewey*, 85 id. 612; *Warren* v. *Wright*, 103 id. 304; *Pennsylvania Co.* v. *Conlan*, 101 id. 93; *James* v. *Johnson*, 12 Ill. App. 290.

A party must recover, if at all, according to the case he has made for himself in his declaration. He is not permitted to make one case by his allegations and recover on a different case made by proof. *Moss* v. *Johnson*, 22 Ill. 633; *Railroad Co.* v. *McKee*, 43 id. 120; *Railroad Co.* v. *Bell*, 112 id. 365.

Municipal corporations can be held liable in an action for injuries only where the authorities know, or can know by an ordinary degree of diligence, that their sidewalks are out of repair and in a dangerous condition, and when sufficient time after notice elapses to make the necessary

repairs before the happening of the injuries complained of.   *Peru* v. *French*, 55 Ill. 318.

William Spensley, and Duffy & Maguire, for appellee:

A declaration stating a cause of action against a municipal corporation for negligently permitting a sidewalk to become out of repair implies notice, actual or constructive, of the condition of the walk.   Puterbaugh's Pl. & Pr. (ed. of 1880) 440; *McCraney* v. *Joliet*, 49 Ill. App. 381; *Nokomis* v. *Salter*, 61 id. 150.

Such a declaration is good after verdict.   *Cribben* v. *Callaghan*, 156 Ill. 549; 1 Chitty's Pl. 673; *Gerke* v. *Fancher*, 158 Ill. 375; *Railroad Co.* v. *Then*, 159 id. 535; *Western Stove Co.* v. *Whalen*, 151 id. 472.

The jury may take pleadings with them to the jury room.   *Dorr* v. *Simmerson*, 73 Iowa, 89; Iowa Code of 1897, sec. 3717; McClain's Ann. Code of 1888, sec. 4004; Thompson on Trials, secs. 2581, 2582; *Avery* v. *Moore*, 133 Ill. 74.

Testimony is not admissible to contradict a witness on collateral and immaterial matter.   1 Greenleaf on Evidence, 52, 448, 449, 462; *Railroad Co.* v. *Morain*, 140 Ill. 117.

Mr. Justice Craig delivered the opinion of the court:

This was an action brought by appellee, against the city of East Dubuque, to recover for an injury received while passing along Fifth avenue in that city, caused, as alleged, by the breaking of a board in a defective sidewalk.   On a trial before a jury the plaintiff recovered a verdict and judgment for $2000, which, on appeal, was affirmed in the Appellate Court.

It is contended in the argument that "notice to the city, express or implied, of the condition of the walk is not averred in any count of the declaration, and proof only of the defective construction of the walk should have gone to the jury under the declaration, and the motion to arrest the judgment should have been sustained

because of the variance between the allegations and the proof." If there was a variance between the proof and declaration, in order to avail thereof, when the evidence was offered the appellant should have objected to its introduction on the ground of variance, so that the plaintiff might remove the objection by an amendment to the declaration. But no objection whatever was made to the evidence introduced by the plaintiff to show that the sidewalk, at the time of the accident and prior to that time, was defective and dangerous. The objection to the evidence was therefore waived, and cannot be relied upon here. The first and second counts of the declaration may be defective in failing to aver notice to the city of the defective and dangerous condition of the walk, but no demurrer was interposed to the declaration, and after verdict we regard the declaration good. 1 Chitty's Pl. 673; *Cribben* v. *Callaghan*, 156 Ill. 549; *Gerke* v. *Fancher*, 158 id. 375; *Western Stove Co.* v. *Whalen*, 151 id. 472; *Baltimore and Ohio Southwestern Railway Co.* v. *Then*, 159 id. 535.

It is next claimed that the court erred in permitting the jury to take with them to the jury room the declaration in the case. Section 55 of the Practice act provides that "papers read in evidence, other than depositions, may be carried from the bar by the jury," but the statute is silent in regard to the jury taking the pleadings into the jury room. It is, however, laid down in Thompson on Trials, (secs. 2581, 2582, and cases cited,) that it is the general practice to allow the jury to take the pleadings on their retirement when it is requested by either party, and as a practice of that character can work no injury to either party we see no well-founded objection to it. We do not, therefore, regard the action of the court in allowing the jury to take the declaration to the jury room erroneous.

On the trial the plaintiff called as a witness Timothy Mahoney, the street commissioner, and interrogated him in regard to the time and manner of the original con-

struction of the sidewalk. The defendant then asked the witness how often since the building of the walk he had inspected it. Plaintiff objected to the question and the court sustained the objection. The evidence attempted to be called out was not strictly cross-examination, and under the well known rule that a cross-examination must be confined to the subject matter of the examination in chief the court did not err in sustaining the objection to the question. Moreover, it appears that the witness was afterwards called by defendant, and testified fully in regard to the inspection of the walk and its condition after its construction. If, therefore, the court erred in its ruling the error was harmless, as the defendant in the end obtained the evidence.

Michael Groff testified, on behalf of the plaintiff, that he put down the walk fourteen years ago; that the lumber used was "grub plank got out of rafts, and the plank was full of holes and knots." The witness further testified that at that time they did not have a lumber yard in East Dubuque. In order to meet this evidence the defendant called M. J. Pratt, and asked the following question: "Do you know about the existence of a lumber yard in East Dubuque fourteen years ago?" The question being objected to, the court sustained the objection. Whether there was a lumber yard in East Dubuque at the time referred to was a collateral matter—one not material to the question at issue between the parties. The gist of the testimony of the witness Groff was that the walk was constructed of lumber of an inferior quality. Where it came from, or whether there was or was not a lumber yard in East Dubuque at that time, was immaterial.

Complaint is made of the first instruction given for plaintiff, as follows:

"The court instructs the jury that the date of the injury to the plaintiff, as set forth in the declaration, is not material."

In one count of the declaration it is averred that the accident happened on the 29th and in another count it is averred that it happened on the 30th. It appears from the evidence the walk was repaired about that time, plaintiff claiming that it was repaired the day after the accident and defendant the day before the accident. It is said the question whether the accident happened just before the walk was repaired or after it was repaired was material, and that the instruction implies, and was understood by the jury to mean, that it was immaterial whether or not the city repaired the walk just before or after the accident. There can be no doubt in regard to the fact that the date on which the walk was repaired was material, but that question is not affected in the least by the date of the injury as set up in the declaration. The controlling fact was proof of the date of the injury and proof of the date of repair. The only inference which the jury could fairly draw from the instruction was that plaintiff was not confined to the date of the injury as alleged in the declaration, but had the right to prove that the injury occurred at another or different date. We are aware of no rule of law violated by the instruction.

It is claimed that the court erred in giving plaintiff's instruction No. 6. The substance of this charge to the jury was, that if they believed, from the evidence, that plaintiff went upon the sidewalk in question and traveled over the same, and was exercising ordinary care for her own safety in so doing, she had a right to presume that said sidewalk was reasonably safe.. We find no evidence in the record that plaintiff knew or had reason to believe that the walk was unsafe or dangerous. Under such circumstances, in the absence of all knowledge on her part that the walk was defective, we cannot say the charge to the jury was erroneous. Had the evidence shown that plaintiff, when she went upon the walk, knew its defects and dangerous condition a different question would be presented. Moreover, if the defendant thought the jurors

were liable to be misled because not instructed in regard to the effect of knowledge of the dangerous condition of the walk on the part of plaintiff, it was at liberty to present that question in an appropriate instruction.

It is finally claimed that the court erred in giving plaintiff's seventh instruction. The instruction is lengthy, and it will serve no useful purpose to set it out here. We do not think that the law attempted to be declared in the instruction is laid down with that clearness and simplicity that should be used by the court in its instructions to the jury, and we think the instruction ought to have been refused; but at the same time, in view of the fact that the law involved in the case was given to the jury in such plain terms in the instructions for the defendant, we cannot see how the jury could have been misled by the instruction complained of.

We find no reversible error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*