## City of Spring Valley v. Thomas Gavin.

1. PRESUMPTIONS—*As to Safety of Streets.*—Persons traveling upon the streets of a city, which are in constant use by the public, have the right to presume, and to act upon the presumption, that such streets are reasonably safe for ordinary travel throughout their entire width.

2. CARE—*Required When Great Danger Exists.*—The care required of a person where great danger exists, is, if the same is or could be known to him by the exercise of ordinary care and prudence, greater than that required where the danger is slight.

3. ORDINARY CARE—*Where an Injury is Not Willful.*—Where an injury is not willful a party can not recover for the injury received, unless it appears from the evidence that he exercised ordinary care. But in no event is he required to use more than ordinary care and caution to avoid accident.

4. INSTRUCTIONS—*If the Jury Believe a Witness Has Sworn Falsely.*—It is proper to instruct the jury if they believe from the evidence that a witness has willfully sworn falsely on the trial as to any matter material to the issues, they are at liberty to disregard his entire testimony, except in so far as it is corroborated by other creditable evidence or by facts and circumstances proved on the trial.

5. PRACTICE—*Cross-examination.*—Proper practice requires that a line of examination without definite purpose, except to entrap the witness, should be rarely, if ever, permitted, but this matter is largely within the discretion of the court.

6. DAMAGES—*$1,500 Not Excessive.*—Where a man thirty-three years of age, strong and healthy, was injured by falling into a ditch left unguarded at night, was confined to his bed some five weeks by reason of the accident, and up to the time of the trial, which occurred about a year later, had not been able to work or attend to his business, and was still suffering pain from the injury, there being some evidence tending to show that the injury would be permanent, a verdict for $1,500 is not excessive.

**Action for Personal Injuries.**—Trial in the Circuit Court of Bureau County; the Hon. HARVEY M. TRIMBLE, Judge, presiding. Verdict and judgment for paintiff; appeal by defendant. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

J. L. MURPHY, city attorney, and ALFRED R. GREENWOOD, attorneys for appellant.

A municipal corporation is not bound to keep its streets in an absolutely safe condition so as to preclude the possibility of accident or injury. It is only bound to exercise ordinary care and diligence to keep them reasonably safe. City of Rockford v. Hildebrand, 61 Ill. 155.

A municipal corporation is not liable for every accident that may happen within its limits. It would be a most ruinous rule to adopt. Its officers are not required or expected to do every possible thing that human energy or ingenuity can do to prevent the happening of accidents or injury to the citizen. When they have exercised a reasonable care in that regard they have discharged their duty to the public. The citizen himself must exercise due care and caution for his own safety, and if for the want of such a degree of care and caution he sustains an injury, he must bear the consequences, however serious. City of Centralia v. Krouse, 64 Ill. 19.

The city is bound only to the exercise of reasonable prudence and diligence. It is not required to foresee and provide against every possible danger or accident that may occur. It is not an insurer against accidents, but is only required to keep its streets and sidewalks in a reasonably safe condition for the accommodation of travelers and pedestrians. City of Chicago v. Bixby, 84 Ill. 82.

Two things must concur to support this action : an exca-

vation or ditch in the street, suffered to remain at night without light or barriers, through the fault of the defendant, and no want of ordinary care on the part of the plaintiff to avoid falling into it. Village of Lemont v. Rood, 18 Ill. App. 245; C., B. & Q. R. R. Co. v. Johnson, 103 Ill. 521.

Where a witness swears falsely upon one point, his testimony may be wholly disregarded; *falso in uno, falsus in omnibus*. Brennan v. People, 15 Ill. 511; Farwell v. Meyer, 35 Ill. 40; Mixsell v. Williamson, 35 Ill. 529; McClure v. Williams, 65 Ill. 390; Hoge v. People, 117 Ill. 35.

HASKINS, PANNECK & HASKINS, attorneys for appellee.

If appellee had known, or if there was evidence tending to charge him with notice, of the dangerous condition of the street, the instruction given in behalf of appellee might have been erroneous. Galesburg v. Hall, 45 App. 293.

Appellee and Dunn not knowing of the dangerous condition of the street, and there being no evidence tending to charge them with notice of its condition, the instruction given on behalf of appellee stated the law correctly. Galesburg v. Hall, 45 App. 293; East Dubuque v. Burhyte, 173 Ill. 553; Dubuque v. Burhyte, 74 Ill. App. 99, and other cases cited above.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action on the case by appellee to recover for damages alleged to have been received by him on the night of September 25, 1897, through the negligence of appellant, in leaving open and unprotected a ditch in one of its streets, some five feet deep and three feet wide.

The ditch had been dug by appellant for the purpose of laying down their water mains, and on the first night after it was open, a light had been placed at the end as a danger signal to the public, but on the night in question there was no signal hung out whatever. Appellee alleges that while passing along the street in a buggy at the time and place in question, with one James Dunn, in the exercise of all due care and caution for his own safety, the horse attached to

the buggy fell into the ditch and appellant and his companion were thrown into said ditch; that appellant, by reason of said fall, received serious injuries to his side, back and spine which are permanent in their nature. The jury found for appellee and assessed his damages at $1,500, and judgment was entered for that amount.

Instruction No. 22 given for appellee is said to be erroneous because it states the law to be that persons traveling upon the streets of a city, which are in constant use by the public, have the right to presume, and to act upon the presumption, that such streets are reasonably safe for ordinary travel throughout their entire width. In the case of the City of East Dubuque v. Burhyte, 173 Ill. 553, where a similar instruction was under consideration, the following language is used : " The substance of this charge to the jury was that if they believe from the evidence that plaintiff went upon the sidewalk in question and traveled over the same, and was exercising ordinary care for her own safety in so doing, she had a right to presume that said sidewalk was reasonably safe. We find no evidence in the record that plaintiff knew or had reason to believe that the walk was unsafe or dangerous. Under such circumstances, in the absence of all knowledge on her part that the walk was defective, we can not say the charge to the jury was erroneous. Had the evidence shown that the plaintiff, when she went upon the walk, knew its defects and dangerous condition, a different question would be presented." What is said in the above case applies with equal force to the case under consideration. Had there been any evidence to show that appellee was aware of the condition of the street, the instruction would have been improper, but we have not been able to discover such evidence in this record, and therefore, under the rule above announced, the instruction was not erroneous.

The refusal of the trial court to give instructions three and fourteen, offered by appellant, is also assigned as error. Instruction No. 3 is as follows :

" If the jury believe from the evidence that the place where the accident in question occurred was necessarily

more dangerous under all the circumstances of the case, as shown by the evidence, than the ordinary streets and sidewalks, and that by the exercise of ordinary care and prudence this condition of things could have been known by the plaintiff, or was known to him, then the plaintiff was required to use more than ordinary care and caution to avoid the accident, and if he failed to do so and thereby contributed to the injury, he can not recover in this suit, and your verdict should be for the defendant."

This instruction is faulty, in that it tells the jury that under certain circumstances appellee was required to use more than ordinary care and caution. This is not the law. It is true that the care required of a person under circumstances where great danger exists, is, if the same is known to him, or could become known by the exercise of ordinary care and prudence, greater than that required where the danger is very slight. But in either case, the care required of him is only the ordinary care to avoid danger, commensurate with the peril to which he is exposed. The law is well settled in this State, that where an injury is not willful, a party can not recover for the injury received, unless it appears from the evidence that he exercised ordinary care. But in no event is he required to use more than ordinary care and caution to avoid accident. The instruction was therefore incorrect and properly refused.

The instruction No. 14 would have told the jury, if given, that if they believed from the evidence that the appellee, Thomas Gavin, had willfully sworn falsely on the trial as to any matter or thing material to the issues in the case, then they were at liberty to disregard his entire testimony, except in so far as it had been corroborated by other credible evidence, or by facts and circumstances proved on the trial. There was no error in refusing this instruction, even if it were in itself entirely free from criticism, for the reason that it was fully covered by instruction No. 5, given for appellant, which used the identical language, except that it was applied to all the witnesses in the case.

Appellant assigned, by leave of court, as an additional error, that the court erred in interrupting and interfering with the cross-examination of James Dunn, the companion

City of Spring Valley v. Gavin.

of appellee at the time of the accident, who was being examined at length as to his route to and from Peru and Marquette, and the actions of himself and appellee on the day of and prior to the accident. The court allowed a reasonable examination on the subject and requested counsel for appellant to declare his purpose in pursuing the investigation further, which counsel refused to do. So far as it now appears from appellant's argument in this court, the investigation was only an experiment, without definite purpose, except to entrap the witness, if possible. Proper practice requires that such a line of examination should be rarely, if ever, permitted, but this matter is largely within the discretion of the court, and in this case the examination was very properly limited on the lines sought to be pursued.

While the damages allowed in this case are rather large, yet it appears from the evidence that the appellee was at the time of the accident thirty-three years of age, and a strong, healthy man; that he was confined to his bed some five weeks by reason of the accident; that up to the time of the trial, which occurred about a year later, he had not been able to do work or attend to his business, and was still suffering pain from the injury. There was also some evidence to the effect that the injury would be permanent.

It is beyond question that appellee was injured at the time and place alleged, and it satisfactorily appears that he was then and there in the exercise of ordinary care and prudence. It further appears that the appellant had left a dangerous excavation in its streets without any protection or warning to the public, and that such negligence on the part of the appellant was the cause of the injuries to the appellee.

Under the evidence, the jury properly found a verdict for appellee, and we can not say that, under all the circumstances, they were not warranted in finding a verdict for the amount named by them.

The judgment of the court below will therefore be affirmed.