## George J. Sauter et al. v. Carrie Anderson.

1. PRACTICE—*A Defective Statement of a Cause of Action is Cured by Verdict.*—Where there is any defect, imperfection or omission in any pleading, whether in substance or in form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or that the jury would have given their verdict, such defect, imperfection or omission is cured by verdict.

Sauter v. Anderson.

2.  APPELLATE COURT PRACTICE—*Where the Evidence is Conflicting.*
—Where the evidence is conflicting, the Appellate Court will not disturb the verdict unless manifestly against the weight of the evidence.

3.  SAME—*Assignments of Error Not Argued Are Waived.*—Assignments of error not argued in this court will be considered as waived.

4.  SAME—*Where Defendant in Error Can Not Raise Question Whether Case Should Have Been Tried upon a Different Theory.*—Where the defendant in error has assigned no cross-errors, he can not raise the question whether the case should have been tried upon a theory different than the one upon which it was tried.

**Trespass on the Case,** under the Dram-shop act. Error to the Circuit Court of Knox County; the Hon. GEORGE W. THOMPSON, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed June 8, 1903. Rehearing denied October 6, 1903.

COOKE & STEVENS and GEORGE M. HOFFHEIMER, attorneys for plaintiffs in error.

WILLIAMS, LAWRENCE & WELSH, attorneys for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an action on the case by defendant in error against plaintiffs in error under the provision of that portion of section 9 of the Dram-shop act which declares that "every husband, wife, * * * or other person who shall be injured in person or property or means of support by any intoxicated person, shall have a right of action * * * against any person * * * who shall, by selling or giving intoxicating liquors, have caused the intoxication." The declaration charges that plaintiffs in error Sauter and Hoffheimer were each keeping a saloon in the city of Galesburg, and that they sold or gave William Wilder intoxicating liquors, which caused his intoxication; that while so intoxicated Wilder unlawfully, wrongfully and violently stabbed and instantly killed Charles G. Anderson, husband of defendant in error; and that by the death of her husband she has been injured in and deprived of her means of support. The declaration does not allege

that the act of Wilder in stabbing and killing Anderson was caused by, or was in consequence of, Wilder's intoxication, or in consequence of the sale or gift of intoxicating liquor to Wilder by plaintiffs in error.

The trial resulted in a verdict and judgment for defendant in error for $3,000. The case was taken directly by appeal, to the Supreme Court, to test the constitutionality of the provision of the statute upon which the right of recovery was predicated. The Supreme Court (Sauter v. Anderson, 199 Ill. 319) held that the construction, not the constitutionality, of a statute was involved, and dismissed the appeal. The case was then brought from the Circuit Court to this court by writ of error.

It is insisted that there must be a reversal because the declaration is so lacking in averments that it can not sustain a judgment. The contention is that the declaration is fatally defective because it does not aver that the act of Wilder in stabbing Anderson was caused by or was in consequence of Wilder's intoxication, or in consequence of the sale or gift of intoxicating liquors to Wilder by plaintiffs in error. The question was not raised by demurrer to the declaration or by motion in arrest of judgment. At the most, the declaration is but a defective statement of a cause of action which is cured by verdict. In Gerke v. Fancher, 158 Ill. 375, the court said:

"Where there is any defect, imperfection or omission in any pleading, whether in substance or in form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give or that the jury would have given the verdict, such defect, imperfection or omission is cured by verdict. 1 Chitty's Pl. 712, 713. See also Western Stone Co. v. Whalen, 151 Ill. 472; Matson v. Swanson, 131 Ill. 255; City of LaSalle v. Porterfield, 138 Ill. 114; Shreffler v. Nadelhoffer, 133 Ill. 536; Chicago and Eastern Illinois Railroad Co. v. Hines, 132 Ill. 161; Bowman v. People, 114 Ill. 474."

In City of East Dubuque v. Burhyte, 74 Ill. App. 101,

which was an action against a city for damages for a personal injury resulting from a defective sidewalk, in which the declaration failed to allege notice of the defective condition of the walk on the part of the city, the court said :

" We are not satisfied that the settled rules of pleading will permit the necessary averment of notice to the city to be thus omitted or stated argumentatively; but in this case not only did the defendant fail to question the declaration by demurrer, but also, both parties by their instructions assumed notice, actual or constructive, must be proved under this declaration; and appellant is bound by the construction it thus placed upon the language quoted from the several counts. Moreover, we think the declaration good after verdict. 1 Chitty's Pl. 673; Cribben v. Callaghan, 156 Ill. 549; Gerke v. Fancher, 158 Ill. 375; Baltimore & O. S. W. Ry. Co. v. Then, 159 Ill. 535. It is said that though a necessary allegation of knowledge by the defendant be omitted from the declaration, yet it is good after verdict."

And in the case of City of East Dubuque v. Burhyte, *supra*, the Supreme Court upon appeal (173 Ill. 553) in affirming the Appellate Court said :

" The first and second counts of the declaration may be defective in failing to aver notice to the city of the defective and dangerous condition of the walk, but no demurrer was interposed to the declaration, and after verdict we regard the declaration good."

When this case was before the Supreme Court that tribunal, in speaking of the same record now before us, said :

" The theory of the appellee in the trial court appears to have been that the statute above quoted gave her a cause of action against the appellants if the proof showed that the appellants Sauter and Hoffheimer sold to Wilder intoxicating liquors, from the use of which he became intoxicated, and while so intoxicated he inflicted an injury upon her husband from which he died, although such injury was not inflicted in consequence of such intoxication, and contended, in argument, that it was not necessary that the appellee aver or prove that the injury from which the husband of appellee died was inflicted upon him by Wilder in consequence of Wilder's intoxication. The appellants contended that before a recovery could rightfully be had against them, appellee must aver and prove that the injury

inflicted upon her husband which caused his death, was inflicted by Wilder in consequence of his intoxication caused by intoxicating liquors sold or given to him by the appellant, and that it was not sufficient to aver and prove that the appellant sold or gave to Wilder intoxicating liquors from the use of which he became intoxicated, and while so intoxicated he inflicted upon the husband of appellee the injury from which he died; that the appellee was bound to aver and prove, in addition to the sale of liquor to Wilder, his intoxication, and the infliction by him of an injury upon her husband while he was intoxicated, and that the injury inflicted upon the husband was inflicted upon him in consequence of the intoxication of Wilder. They further contend that to hold otherwise would be so to construe said statute as to make the same unconstitutional, and that therefore the constitutionality of said statute is involved, and that this court, by reason thereof, has no jurisdiction of this appeal.

The trial court, from the record, appears to have taken the view of the statute contended for by the appellants, and to have held that it was necessary for the appellee, in order to recover, to prove that the injury inflicted upon the husband was inflicted in consequence of the intoxication of Wilder, and that no recovery could be had unless the jury should find from the evidence, the injury to the husband was inflicted in consequence of Wilder's intoxication. The declaration averred that while Wilder was so intoxicated he unlawfully, wrongfully and violently stabbed and killed the husband of appellee. The sufficiency thereof was not challenged by demurrer. It at most could be said to be a defective statement of a cause of action, which was cured by verdict. In the first instruction given to the jury upon behalf of appellee the court stated to them that before they could find for the appellee they must find, from a preponderance of the evidence, that the husband of appellee was killed 'by reason of such intoxication'—that is, by reason of the intoxication of Wilder which had been caused by reason of intoxicating liquors sold to him or given to him by the appellants or some one of them; and in the third instruction given to the jury on behalf of the appellants the court stated to them that before they could find a verdict against the appellants, or any of them, the preponderance of the evidence must show ' that because of Wilder's intoxication the husband of the plaintiff lost his life as alleged, and would not so have lost his life had not William Wilder been intoxicated;' and in the fifth instruction of appellants

the jury were instructed that if they believed from the evidence, Wilder killed the husband of appellee willfully, wantonly, and with a wicked and reckless disregard for human life, and that that willfulness and disregard for human life was not caused or set in motion or action by his intoxication, then they should find for defendants. It is clear, therefore, that the statute in question was given the construction by the trial court which the appellants contended for, and a construction which, according to the appellants' contention, would render it constitutional and valid."

Defendant in error has assigned no cross-errors, and can not, therefore, raise the question whether the case should have been tried upon the theory that plaintiffs in error were liable for the acts of Wilder, while intoxicated, whether those acts were caused by, or were in consequence of intoxicating liquors sold or given him by plaintiffs in error. The proper steps were not taken in the trial court to preserve or present that question for determination here. Plaintiffs in error have had all the advantage they could have derived from a declaration, if drawn, containing all the averments they contend that are necessary to make it valid and unobjectionable. Nor have the plaintiffs in error preserved in the record for us to review the question of pleadings to which both parties have devoted so much time and space in their respective briefs.

It is also contended that the evidence is insufficient to warrant the finding of the jury. That plaintiffs in error sold Wilder intoxicating liquors, that he drank them and became intoxicated, and while in that condition stabbed and killed Anderson, can not be questioned from the proof. It is, however, argued that Wilder killed Anderson while acting in necessary self-defense. The court instructed the jury that if they believed such to be the fact, or that if the assault was caused by insulting language used by Anderson to Wilder, that there could be no recovery. The instructions on this subject were more favorable than plaintiffs in error were entitled to have given. If either party is entitled to complain upon the subject it is the defendant in error. It is true there was a conflict in the evidence upon the ques-

tion of provocation for the assault.  Wilder was brought from the penitentiary at Joliet to testify.  Presumably he was there upon a conviction for killing Anderson.  There were but two eye-witnesses to the assault which resulted in the death of Anderson.  There was a conflict in their evidence.  Wilder alone testified to what would justify the theory of self-defense.  Daniels, the other witness, seems to have been disinterested and credible.  The jury and trial judge saw the witnesses and gave credence to Daniels and disbelieved the testimony of Wilder, the convicted felon. We have no justifiable reason for disturbing the finding of fact arrived at by the jury and approved by the trial judge. If Wilder killed Anderson in self-defense the judgment should be reversed without remanding, but we do not believe the killing was justifiable.

The assignment of error recites that the court erred in admitting and rejecting certain testimony.  The question is not presented in argument and is therefore waived.  Nor is it contended in argument that the damages are excessive. Finding no reversible error in the record the judgment of the Circuit Court will be affirmed.