## Cleveland, Cincinnati, Chicago & St. Louis Railway Company v. Frank Vickery.

### Gen. No. 4,340.

1.  ATTORNEY'S FEES—*when properly allowed in action against railroad company for failing to keep its right of way clear of dead grass, etc.* Notwithstanding the declaration in such a case charged failure to keep such right of way clear of "*dry* grass," etc., and in other respects failed to follow the exact language of the statute, yet the allowance of attorney's fees is proper where the case was tried upon the theory of, and the proof brought the case within, the language of the statute.

Action to recover penalty.    Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES B. GARNSEY, Judge, presiding.    Heard in this court at the April term, 1904.    Affirmed.    Opinion filed August 24, 1904.    Rehearing denied October 5, 1904.

W. R. HUNTER, for appellant.

BERT L. COOPER, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Vickery recovered a verdict and a judgment for damages and $25 attorney's fees in a suit against the railway company.    It was stipulated that $25 was a reasonable attorney's fee for plaintiff.    The only question presented upon this appeal by defendant is whether plaintiff was entitled to recover an attorney's fee.

Section 1½ of the act in relation to fencing and operating railroads is as follows:   "It shall be the duty of all railroad corporations to keep their right of way clear from all dead grass, dry weeds, or other dangerous combustible material, and for neglect shall be liable to the penalties named in section 1."    Said section 1 prescribes other duties, and permits the party injured by their non-performance to recover damages "and reasonable attorney's fees."    Certain counts of plaintiff's declaration charged that defendant did not keep its right of way "free from dry grass, weeds and other combustible material," but "negligently, carelessly and unlawfully suffered large quantities of such dry grass and weeds and combustible material to accumulate

and remain upon the right of way, whereby fire from a locomotive engine of defendant on its railroad ignited the said dry grass, weeds and combustible material," and spread upon plaintiff's lands and destroyed certain property. It will be observed that these charges do not use the precise words of the statute. The statute says, "dead grass," while this declaration uses the term "dry grass." The statute says "dry weeds," while the declaration only uses the word "weeds," unless the adjective "dry" where used in the declaration can be construed to apply to both grass and weeds. The declaration omits the word "dangerous," which the statute places before the words "combustible material." From this it is argued the suit is not brought under the statute, but for negligence at common law, and therefore the attorney's fee authorized by the statute referred to could not be recovered in this action.

The bill of exceptions recites that plaintiff gave evidence tending to prove that at the time in question defendant's right of way adjoining plaintiff's land "was not free from dead grass, dry weeds or other dangerous combustible material," and that the fire was communicated to plaintiff's property by reason of the existence on defendant's right of way of such "dead grass, dry weeds and other dangerous combustible material;" and that defendant gave evidence tending to prove such fire was not communicated to plaintiff's property "by reason of the existence of any dead grass, dry weeds or other dangerous combustible material upon its right of way." The instructions given for plaintiff relating to the causes of action set up in the counts of the declaration here under consideration, based the right to recover upon the presence on defendant's right of way of "dead grass, dry weeds and other dangerous combustible material," by reason whereof fire was kindled from defendant's engine, and communicated to plaintiff's property, and said that if the fires in question resulted from the neglect of defendant to keep its right of way clear from "dead grass, dry weeds or other dangerous combustible material," then the jury could allow a reasonable attorney's fee. The court

refused to instruct the jury at defendant's request, that "even though you may believe from the evidence that the defendant set the fires in question, you are instructed that you have no right to allow plaintiff anything for his attorney's fees."

It is therefore seen that plaintiff introduced proof tending to make a case under the statute, and that defendant introduced proof tending to show that plaintiff was not injured by a failure of defendant to comply with the statute. The instructions of the court given for plaintiff required proof of a case under the statute. The case therefore was tried as if the declaration sufficiently charged a violation of the statute. Under the rule laid down in City of East Dubuque v. Burhyte, 173 Ill. 553, and in the cases there cited, it must be presumed after verdict that all circumstances necessary to complete the cause of action defectively stated in the declaration were proved at the trial, or, as usually and more briefly stated, the declaration is good after verdict. But defendant says that though good after verdict, it is only good as stating a case entitling plaintiff to recover at common law, and not under the statute, and that the attorney's fee provided by the statute is in the nature of a penalty, and a case under the statute must be strictly stated in the declaration before the penalty can be enforced. Notwithstanding this argument, we think the allowance of attorney's fees here is to be supported upon the principle laid down in the case above cited. Defendant knew at the trial that plaintiff was seeking to recover an attorney's fee. It stipulated with him what would be a reasonable attorney's fee, thus obviating the necessity of making formal proof. It is true said stipulation also said: "Said defendant denying that the said plaintiff is entitled to recover any attorney's fee from the defendant under the allegations of the declaration and the proofs offered in the case." But this did not point out that defendant was relying upon the absence of the word "dead" before the word "grass," "dry" before "weeds," and "dangerous" before "combustible," in the declaration.

This denial was general, and did not point out the defects now relied upon. If defendant had raised the objection at the trial that the language of the declaration varied from the words of the statute in the particulars here suggested, plaintiff would have had an opportunity to amend and insert the omitted words. We conclude that as defendant was fully apprised by the proof that plaintiff sought to recover under the statute, and to recover the attorney's fee provided by that statute, and did not raise this specific objection and furnish an opportunity to amend, it cannot be heard to question the allowance after verdict on the ground here relied upon. We therefore deem it unnecessary to consider whether or not the words stated in the declaration constitute in fact a substantial departure from the statute, of which defendant could have availed to defeat the allowance of an attorney's fee by a specific objection at the trial, if no amendment had then been made.

The judgment is affirmed.                    *Affirmed.*