## Lillian Cowen, Appellee, v. Story & Clark Piano Company, Appellant.

## Gen. No. 16,437.

1. PLEADING—*when declaration sufficient after verdict.* If a declaration defectively states a good cause of action it will be sufficient after verdict. *Held,* in this case, that the failure to allege facts giving rise to the duty charged as having been violated was a defect which should have been raised by demurrer but not having been raised was cured after verdict.

2. NEGLIGENCE—*failure to provide fire escape.* If a person is lawfully upon the premises of another and is injured in consequence of the failure to provide a fire escape such person may recover.

3. FIRE ESCAPES—*duty of lessee to provide.* Held, that the lessee defendant in this case was liable for personal injuries suffered through the failure to construct and maintain a suitable fire escape as provided by statute notwithstanding no notice had been served upon him to construct such a fire escape.

4. CONSTITUTIONAL LAW—*when questions waived.* By appealing to the appellate court the question as to whether a statute is void for uncertainty is waived.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the HON. WILLIAM H. McSURELY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910.

Cowen v. Story & Clark Piano Co., 170 Ill. App. 92.

Affirmed.    Opinion filed April 25, 1912.    Rehearing denied May 9, 1912.    *Certiorari* denied by Supreme Court (Making opinion final).

JOHN A. BLOOMINGSTON, for appellant.

HANS VON REINSPERG, BENJAMIN LEVERING, H. J. TONER and GEORGE E. GORMAN, for appellee; LEE D. MATHIAS, of counsel.

MR. JUSTICE FITCH delivered the opinion of the court.

This is an appeal from a judgment for the plaintiff in a personal injury case. The suit was brought originally against appellant and the Lotus Club of Chicago, and a declaration was filed consisting of five counts, all but one of which were dismissed during the trial. The remaining count alleges that on May 1, 1907, appellant was the lessee and occupant of a building, four stories in height, on Wabash avenue, in Chicago, which was not a private residence; that it sublet the second floor to the Lotus Club, who occupied the same as a "noon day rest club, lunch club, lunch room and restaurant;" that appellant negligently failed to provide said building with a metallic fire escape "attached to the outer walls thereof and extending from or suitably near the ground to the uppermost story thereof;" that while the plaintiff was "lawfully on said second floor of said building," a fire broke out; that plaintiff sought to escape, but because of the aforesaid negligence of defendants, was hindered and prevented from doing so, and while endeavoring with due care to escape she fell from a platform or balcony on said building to the ground and was injured. During the trial the Lotus Club was dismissed, leaving appellant as sole defendant.

The evidence tended to prove the following: the building in question is on the west side of Wabash avenue, and is approximately 50 feet in width and 175 feet in depth. The whole building was leased to appel-

lant by a non-resident owner in 1900, and in 1905 the lease was renewed for a period of five years. By a lease made in 1905 appellant sublet to the Lotus Club the second floor of the building, to be occupied as a "noon day club," and the second floor was thus used and occupied on May 1, 1907. The entrance to the second floor was by a stairway and elevator located in the northeast corner of the building. A small portion of the front part of the second floor was used as a lounging or rest room, which was divided from the lunch room by a railing. The rear portion of the floor was used for a kitchen and was also separated by a railing from the lunch room, which occupied the central and larger part of the floor. In the rear wall of the building were several windows, opening upon an alley. On the alley side of the rear wall and opposite the middle windows therein, was a metallic fire escape, consisting of platforms projecting from the bottom of the windows and a ladder reaching from the top of the building down to a point about three feet below the second floor, or about 15 feet from the ground. A fire broke out in this building about noon on May 1, 1907. Appellee, a patron of the restaurant, was eating at one of the tables in the lunch room at the time. She noticed smoke and flames in the vicinity of the front stairway and elevator. She started in that direction, saw there was no escape that way and with forty or fifty other persons turned to the rear of the building. She testified that the people were crowded in the rear and that as she passed the kitchen railing she "felt a tongue of fire strike" her and "was sinking down to the floor from the smoke and flame" when someone assisted her to one of the windows, and lifted her to the window sill, from which she was pushed and fell to the alley below. Her left hip was dislocated and her right hand and face were burned. Upon these facts the jury found a verdict for appellee and assessed her damages at $2,800. A motion for new trial was overruled and

judgment entered on the verdict, from which the piano company appeals.

It is first contended that the declaration does not state a cause of action. It is said that no facts are alleged giving rise to a duty on the part of the piano company to protect appellee from the injury she sustained. This objection, if raised by demurrer, would have to be held good. It does not arise on demurrer, however, but after issue joined and a verdict thereon. "On demurrer a declaration is construed against the pleader, but after verdict all intendments and presumptions are in its favor. If a declaration contains terms sufficiently general to include, by fair and reasonable intendment, any matter necessary to be proved, and without proof of which the jury could not have given the verdict, the want of an express averment of such matter is cured by the verdict." Sargent Co. v. Baublis, 215 Ill. 428, 430. "A verdict will aid a defective statement of a cause of action by supplying facts defectively or imperfectly stated or omitted, which are within the general terms of the declaration, but where no cause of action is stated, the omission is not cured by verdict." Sargent Co. v. Baublis, *supra*, 431. To the same effect are O'Rourke v. Sproul, 241 Ill. 576, 579; L. S. & M. S. Ry. Co. v. Enright, 227 Ill. 403; Grace & Hyde Co. v. Sanborn, 225 Ill. 138, 141; Sauter v. Anderson, 110 Ill. App. 574.

Applying this rule to the declaration it will be noted that it states that the second floor of appellant's building was used by a sub-tenant as a "noon day rest club, lunch room and restaurant," and while appellee was "lawfully" on that floor, a fire broke out and in seeking to escape therefrom she was injured on account of the failure of appellant to have a fire escape on the building, suitably near the ground. From these allegations it may be fairly and reasonably implied that appellee was upon the premises at

the time of the fire, as a patron or guest of the sub-tenant. If she was there on business with the tenant, she was "lawfully" there. If she was lawfully upon the premises, appellant owed her the duty which the statute imposed upon it, to do her no injury by any negligence in providing such a fire escape as the statute requires. McRickard v. Flint, 114 N. Y. 222, 227. We think the averments of the declaration are sufficient after verdict to sustain the judgment.

It is urged that the statute imposes no duty upon the lessee of a building to construct and maintain a fire escape until after notice has been served upon him, and in support of this contention the cases of Land-graf v. Kuh, 188 Ill. 484, and Arms v. Ayer, 192 Ill. 601, are cited. In each of those cases a suit was brought against the owner, who contended that the lessee was liable under the statute and not the owner. The Supreme Court held against that contention and held the owner liable; but in neither case is it held that the lessee may not also be liable. On the contrary, the language of the court in the case of Arms v. Ayer, *supra,* implies that it is the duty of the lessee as well as that of the owner to erect such a fire escape as the statute requires, provided such lessee is in the actual control of the building. The reasoning of the court in both cases seems clearly to lead to that conclusion and the statute under discussion was, so far as the point here involved is concerned, substantially the same as the present statute. We think both cases are authority for the construction that while the owner is primarily liable, yet the lessee who is given possession and control of the whole building, as was the fact in this case, is chargeable with the same duty and liability as the owner. Such was the construction given to a statute very similar to the Illinois statute by the Supreme Court of Missouri in Yall v. Snow, 201 Mo. 511.

Where such a lessee sublets portions of the build-

ing to other tenants, he is liable to anyone lawfully on the premises who is injured through a failure to use reasonable care to keep the halls, stairways and other parts used in common reasonably safe. Shoninger v. Mann, 219 Ill. 242. As to the sub-tenants and their customers, and as to the public generally, such a lessee is treated as the owner and by the express terms of the statute is subject to a penalty if he fails to erect a suitable fire escape after notice. The argument of appellant's counsel that such a notice is necessary before the lessee is charged with any duty to build a fire escape is, in our opinion, completely answered against his contention by the cases of Landgraf v. Kuh, *supra,* and Arms v. Ayer, *supra,* and also by the cases of Carrigan v. Stillwell, 97 Me. 247, 252, and Hayes v. Michigan Central R. R. Co., 111 U. S. 228, 240.

The objection that the statute is void for uncertainty in requiring a fire escape to be constructed from the top of a building to the ground "or suitably near the ground" is answered in effect against appellant's contention in Commonwealth Electric Co. v. Rose, 214 Ill. 545, 560, even if the point can be raised here and has not been waived by an appeal to this court on other grounds, as was held in Houren v. C. M. & St. P. Ry. Co., 236 Ill. 620, 628.

It is further urged that the failure of appellant to construct a suitable fire escape was not the proximate cause of the accident nor of the injuries received by appellee. There was evidence tending to show that forty or fifty people in the restaurant were trying to reach the fire escape at the same time; that for this reason appellee was unable to reach the fire escape and was, therefore, obliged to seek escape from another window; that some of those who did reach the fire escape dropped to the ground in safety, but most of them hung back and remained crowded upon the platform and around the adjacent window until the

fire department came with ladders; that while appellee was hurrying with all the others to the rear to escape from the fire, she was burned seriously and in falling from the window she was further injured. Under these circumstances we think it was a question of fact for the jury to determine whether the failure to have a suitable fire escape was or was not the proximate cause of appellee's injuries. A similar contention was made in the case of Landgraf v. Kuh, *supra,* and the reasoning of the court in that case might well be applied to the facts in this case.

Several minor points are raised and discussed by counsel in their briefs and arguments, concerning alleged errors of the court below in the admission of evidence and in the instructions of the court, and as to the amount of damages. We deem it unnecessary to discuss at length these several propositions thus advanced. We have given them careful consideration and we think the trial court did not commit error in the respects noted.

Upon a consideration of the whole record, we are satisfied that the verdict was right, and that the record contains no prejudicial error. The judgment will, therefore, be affirmed.

*Affirmed.*

MR. JUSTICE McSURELY having tried this case in the court below, took no part in the decision.